UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-40117-H2-7 √ |
| | § | |
| Brooks and Brooks, Inc | § | (Chapter 7) |
| | § | |
| | § | **JOINTLY ADMINISTERED** |
| Debtors | § | **UNDER CASE NO. 09-38232-H2-7** |

**TRUSTEE'S MOTION FOR APPROVAL OF SALE OF JUDGMENT  FREE AND
CLEAR OF LIENS AND CLAIMS UNDER 11 U.S.C. § 363
AND APPLICATION TO EMPLOY BK ASSETS.COM, LLC AS AUCTIONEER**

*THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.*

*REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.*

**TO THE HONORABLE DAVID JONES, UNITED STATES BANKRUPTCY JUDGE:**

Comes now, Allison D. Byman, Chapter 7 Trustee (the "Trustee") for the Estate of Brooks and Brooks, Inc and files this Motion for Approval of Sale of a Judgment Free and Clear of Liens and Claims Under 11 U.S.C. § 363 and Application to Employ BKAssets.com, LLC as Auctioneer (the "Motion").

**Nature of the Request**

1.    The Trustee seeks approval for the public sale of the Estate's interest in a judgment against GJIM Plus, LLC d/b/a Harlon's Barbeque and Candace Brooks, in the amount of $252,457.05, obtained in Adversary case no. 12-3019 in the Southern District of

2915093v1:BBINC:0001

Texas Bankruptcy Court (the "Judgment").   The Judgment was entered on October 30, 2012 in the amount of $252,457.05, plus interest and costs. The bankruptcy estate has collected $8,327.00 in payments from Candace Brooks and by way of a till tap in 2013. The Judgment will be sold free and clear of all liens, claims, interests and encumbrances.  The Trustee also seeks authority to employ and compensate BKAssets.com, LLC as set forth below to conduct the sale.

## Brief Factual Background

2.      On October 30, 2009, Harlon and Alfreddie Brooks (the "Brooks") filed their voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Code"), which was converted to Chapter 11 on April 6, 2010.  On July 23, 2010, this Court entered its Order Approving Appointment of Chapter 11 Trustee thereby approving the appointment of W. Steve Smith as Trustee (the "Former Trustee").

3.      Thereafter, the Former Trustee investigated the assets of the Brooks', which included their interests in real estate as well as several related and/or affiliated entities which hold title to real estate.  Due to that investigation and an analysis of whether a Chapter 11 Plan could be confirmed, the Former Trustee sought to convert the Brooks' case to Chapter 7 and filed voluntary Chapter 7 petitions on behalf of the multiple related and/or affiliated entities including Brooks & Brooks, Inc. (Case No. 10-40117) ("Brooks & Brooks").   The Former Trustee was appointed as the chapter 7 trustee for the Brooks' and the Entities' estates.  Allison D. Byman was appointed as the successor trustee in June 2013.

4.      Brooks & Brooks operated 2 bar-b-que restaurants.   Sales at the restaurant could be made with credit cards.    Brooks & Brooks had an account with American Express.  For a period of time ranging from July 2009 through November 2010, the funds recovered from

American Express account were deposited (based on instruction of Candace Brooks) into the account of GJIMPlus, LLC, rather than into the Brooks & Brooks account.

5.      The total of at least $241,341.97 was deposited into GJIMPlus accounts that should have been deposited into the accounts of Brooks & Brooks.

6.      The Former Trustee brought suit against GJIMPlus, LLC to recover those amounts.   An agreed final judgment was reached obligating GJIMPlus, LLC and Candace Brooks, jointly and severally, to pay the estate of Brooks & Brooks $252,457.05 plus attorney's fees of $25,000.00 plus post judgment interest at the rate of 0.18%.   Payments were made on the judgment for a short time.  No recovery has been obtained since 2013.   Candace Brooks filed a chapter 13 bankruptcy case after the judgment was obtained but that case was dismissed.

7.      The Trustee investigated the best way to sell a judgment online on behalf of a bankruptcy estate and was directed to BKAssets.com, LLC to market and sell the Judgment. The Trustee is familiar with BKAssets.com, LLC as they are a vendor/presenter of the National Association of Bankruptcy Trustee's conferences that the Trustee has attended over the last three years. BKAssetes.com is frequently recommended on the National Association of Bankruptcy Trustee's listserve as well.  BKAssets.com is currently selling an engagement ring on behalf of the Trustee in a  separate bankruptcy case.

8.      BKAssets.com advised the Trustee that sale of the Judgment on the Bkassets.com website is the best method to maximize value for a recovery to the estate.

9.      BKAssets.com is willing and able to list the Judgment on their website and handle the sale of the Judgment from listing to completion. BKAssets.com will charge the estate a 10% commission on the final sales price of the Judgment. BKAssets.com seeks recovery of expenses up to $250.00 which could include the listing fee costs associated with finalizing the

sale to the successful buyer. BKAssets.com seeks to start the bidding for the Judgment at $1,000.00.  BKAssets.com charges a buyer's premium of $225.00 listed as a closing cost.

### Requested Relief and Authority

10.     **Sale of Judgment**.   The Trustee requests that the Court approve the public sale of the Judgment free and clear of all liens, claims interests and encumbrances. The sale shall be on an "as is, where is" basis without any warranties or representations of any kind or nature whatsoever, whether express or implied, including any warranty or representation concerning the condition, merchantability, or fitness for any purpose.

11.     The Trustee believes that a public sale is the best available method to obtain market value for the Judgment and is the least expensive and most efficient manner for liquidation.  The Trustee also believes that the proposed sale is in the best interest of the Estate's creditors as it adds value to the estate.  The Trustee does not anticipate the recovery or liquidation of any additional assets in this case.

12.     **Employment of Auctioneer**.  As stated above, the Trustee seeks to employ BKAssets.com, LLC to list and sell the Judgment.   BKAssets.com, LLC shall be conducting a 10 day online auction starting on or around  May 15, 2015 at 4:00 PM (Arizona time) and the Trustee would like to include the Judgment for sale with a starting minimum price of $1,000.00.

13.     BKAssets.com, LLC, will charge the Estate a 10% commission and expenses not to exceed $250.00 and will charge the buyer a $225.00 closing cost.  BKAssets.com, LLC estimates that the Judgment should sell for approximately $1,000.00, but does not guaranty that recovery.  BKAssets.com, LLC will submit gross proceeds (less buyer's premium) from the sale of the Judgment to the Trustee and invoice the Trustee for its commission and expenses. The Trustee seeks authority to pay that commission and those expenses within ten (10) days of

2915093v1:BBINC:0001

receipt of the funds from BKAssets.com, LLC without further order of this Court.

14.     BKAssets.com, LLC does not have any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

15.     This pleading is supported by the declaration of David A. Birdsell of BKAssets.com, LLC, the proposed auctioneer. The declaration is attached hereto as **Exhibit A,** and is hereby incorporated by reference for all purposes..

16.     In her business judgment, the Trustee believes that employment of BKAssets.com, LLC is in the best interest of the estate.

**WHEREFORE PREMISES CONSIDERED,** the Trustee requests that the Court (i) approve the public sale of the Judgment free and clear of all liens, claims, interests and encumbrances; (ii) authorize the Trustee to execute all documents necessary to effectuate the sale of the Judgment; (iii) authorize the employment o f  and payment to BKAssets.com, LLC as set forth above; (iv) order that all sales proceeds, less amounts authorized to be paid hereunder, be delivered to the Trustee at the conclusion of the sale; and (v) grant such further relief as is just.

Dated:  April 24, 2015

/s/ *Allison D. Byman*
Allison D. Byman, Trustee
SBN: 24040773
Three Allen Center
333 Clay St., Suite 3300
Houston, TX 77002
(713) 759.0818 Telephone
(713) 759-6834 Facsimile
adb@hwa.com

2915093v1:BBINC:0001

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2015, a true and correct copy of the foregoing Motion for Approval of Sale of Personal Property Free and Clear of Liens and Claims Under 11 U.S.C. § 363 and Application to Employ Auctioneer was served on all creditors and Parties Requesting Notice as set forth on the "Service List" attached hereto either electronically by the Court's ECF system or by first class mail, postage prepaid.

*/s/ Allison D. Byman*